FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver for Sunrise
Savings and Loan Association, a Federal
Savings and Loan Association, Plain-
tiff–Appellant,

v.

VEREX ASSURANCE, INC.,
Defendant–Appellee.

No. 92–4591.

United States Court of Appeals,
Eleventh Circuit.

March 30, 1995.

Alan L. Briggs, Squire Sanders & Demp-
sey, Miami, FL, for appellant.

Gerald B. Wald, Marianne A. Vos, Murai
Wald, Biondo & Moreno, P.A., Miami, FL,
for appellee.

Before EDMONDSON and CARNES,
Circuit Judges, and HILL, Senior Circuit
Judge.

HILL, Senior Circuit Judge:

Appellant Federal Deposit Insurance Cor-
poration ("FDIC") brought this appeal from
a district court order granting summary
judgment to Appellee Verex Assurance, Inc.
("Verex"). FDIC sought to recover sums
allegedly due and owing under two certifi-
cates of insurance issued pursuant to a stan-
dard mortgage guaranty insurance policy.
The district court held Verex was entitled to
rescind the two certificates of insurance due
to material misrepresentations contained in
the application packages for the certificates.

The appeal presented three issues. We
resolved two in favor of Verex. *Federal
Deposit Insurance Corporation v. Verex As-
surance, Inc.*, 3 F.3d 391, 399 (11th Cir.1993).

The third issue was whether Verex was
entitled to rescind two certificates of insur-
ance it had issued pursuant to a standard
mortgage guaranty insurance policy due to
material misrepresentations contained in the
applications for the certificates. The district
judge reluctantly decided this question be-
cause he correctly identified the issue as an
unresolved question of Florida law, *i.e.*,
whether Fla.Stat. § 627.409 applied to mort-
gage guaranty insurance contracts in Florida
prior to 1983.[1] If so, Verex was entitled to
rescind the certificates of insurance. If not,
FDIC would prevail. The district judge
ruled in favor of Verex on this issue.

---

1. Fla.Stat. § 635.091 resolved this ambiguity in
Florida law for mortgage guaranty insurance
contracts formed after October 1, 1983.

As we were also reluctant to decide a theretofore undecided issue of Florida law, we certified the following question to the Supreme Court of Florida pursuant to Article V, Section 3(b)(6) of the Florida Constitution: *See also* § 25.031, Fla.Stat. (1993); Fla. R.App.P. 9.150.

Did Fla.Stat. § 627.409 apply to applications for and contracts of mortgage guaranty insurance prior to the enactment of Fla.Stat. § 635.091 on October 1, 1983?

The Supreme Court accepted our certified question for which we are grateful. On November 17, 1994, that court answered the question in the affirmative. Accordingly, Verex was entitled to rescind the certificates of insurance it had issued and the judgment of the district court is

AFFIRMED.