48 F.3d 1152
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
Sunrise Savings and Loan Association, a Federal
Savings and Loan Association, Plaintiff-Appellant,
v.
VEREX ASSURANCE, INC., Defendant-Appellee.
 No. 92-4591.
 United States Court of Appeals,
Eleventh Circuit.
 March 30, 1995.
 
 Alan L. Briggs, Squire Sanders & Dempsey, Miami, FL, for appellant.
 Gerald B. Wald, Marianne A. Vos, Murai Wald, Biondo & Moreno, P.A., Miami, FL, for appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before EDMONDSON and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.
 HILL, Senior Circuit Judge:
 
 
 1
 Appellant Federal Deposit Insurance Corporation ("FDIC") brought this appeal from a district court order granting summary judgment to Appellee Verex Assurance, Inc. ("Verex"). FDIC sought to recover sums allegedly due and owing under two certificates of insurance issued pursuant to a standard mortgage guaranty insurance policy. The district court held Verex was entitled to rescind the two certificates of insurance due to material misrepresentations contained in the application packages for the certificates.
 
 
 2
 The appeal presented three issues. We resolved two in favor of Verex. Federal Deposit Insurance Corporation v. Verex Assurance, Inc., 3 F.3d 391, 399 (11th Cir.1993).
 
 
 3
 The third issue was whether Verex was entitled to rescind two certificates of insurance it had issued pursuant to a standard mortgage guaranty insurance policy due to material misrepresentations contained in the applications for the certificates. The district judge reluctantly decided this question because he correctly identified the issue as an unresolved question of Florida law, i.e., whether Fla.Stat. Sec. 627.409 applied to mortgage guaranty insurance contracts in Florida prior to 1983.[1] If so, Verex was entitled to rescind the certificates of insurance. If not, FDIC would prevail. The district judge ruled in favor of Verex on this issue.
 
 
 4
 As we were also reluctant to decide a theretofore undecided issue of Florida law, we certified the following question to the Supreme Court of Florida pursuant to Article V, Section 3(b)(6) of the Florida Constitution: See also Sec. 25.031, Fla.Stat. (1993); Fla.R.App.P. 9.150.
 
 
 5
 Did Fla.Stat. Sec. 627.409 apply to applications for and contracts of mortgage guaranty insurance prior to the enactment of Fla.Stat. Sec. 635.091 on October 1, 1983?
 
 
 6
 The Supreme Court accepted our certified question for which we are grateful. On November 17, 1994, that court answered the question in the affirmative. Accordingly, Verex was entitled to rescind the certificates of insurance it had issued and the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Fla.Stat. Sec. 635.091 resolved this ambiguity in Florida law for mortgage guaranty insurance contracts formed after October 1, 1983